BREAUX, C. J.
Defendant and appellant had departed this life at the time that the cause was submitted to this court for decision and at the time it was taken under advisement for decision.
No one connected with the case seemed to have known that the appellant was dead. He died the day the case was submitted.
Nothing can be done; the proper parties not being before the court.
The appeal must remain in statu quo until further proceedings are taken and proper parties are made parties to the suit.
The rules of practice, and especially rule 13 must govern.
The court will go no further before proper parties are made, or other action is taken by counsel.
The application to reinstate is not granted, as reinstatement in the opinion of the court is not possible without proper parties. It will be time enough to decide whether reinstatement should be ordered after parties will have been made. Until then, the rights of all parties are reserved.
For reasons stated, the motion is overruled.
*632 On the Merits.
The question for decision is whether a foreign corporation not regularly in business in this state can thereafter be the surety required on judicial bonds.
The plaintiff and appellee originally claimed right to stock in the Ansley Land Company, Limited.
He obtained a writ of injunction and a writ of sequestration, on bond of $500 in each.
The writ of injunction was obtained to the end of restraining the corporation from making entries of transfer on its books of said stock, and the writ of sequestration was issued to the end of sequestering the stock held by defendant.
The sheriff demanded the shares, but did not obtain them.
A rule was issued to compel the defendant to deliver the stock.
The rule was made absolute, and an appeal was taken, and a motion was presented in this court by the appellee to dismiss the appeal.
The motion was overruled, and the case on this appeal is pending. No. 16,467. See same title as above.
In the same case, appellee moved a second time to dismiss the appeal. This motion also was overruled.
The defendant filed a motion in the district court, and called on plaintiff to file a new injunction bond, and a new sequestration bond on the ground that these bonds were signed by the “Bankers’ Surety Company of Ohio” as surety.
The specific grounds of this motion were that under the legislative act (Act No.. 71. p. 83, of 1894) no foreign surety company is allowed to do business in this state until it has deposited with the State Treasurer cash or security to the amouht of $50,000.
On the hearing of this rule it was shown that the Bankers’ Surety Company had not furnished statutory security to do business here, in that it did not deposit the cash or values above referred to.
The contention on the part of the mover in rule is that this company had ceased to do business in this state since December 31, 1906, at which time cash should have been deposited or the security in question.
The judge of the district court held as follows:
“The bonds for the issuance of the writs in this case were signed by the Bankers’ Surety Company. While they are not actively engaged in business in this state at this time, they have duly credited representatives here and have assets within this jurisdiction, and they are proved to be abundantly solvent.”
For these reasons the rule was discharged.
We will state here that the following is admitted:
“That said proceeding is still pending and undetermined in the Supreme Court; that is, proceeding on the main issue.”
Before proceeding further in matter of deciding the issues, we will now state that an application was made to reinstate the case for argument, as it had been submitted for decision in error, as the appellant died on the day the case was submitted.
In discharging the rule heretofore filed, setting out the grounds just stated, we held that if it was made evident by the appellee that there was good ground to reinstate the case for argument it would be reinstated.
We have not found that the ends of justice would be subserved by reinstating the case on the docket of this court for argument.
There is precedent for deciding a case after it has been submitted, the parties to which have departed this life and other parties, made parties to the suit after the case had been submitted.
We cannot imagine, after having closely considered this case, that there can be the least necessity for an oral argument, as there is only one point involved, and that presents *634 no question for further argument; it being very plain.
We will now decide this one point. The foreign corporation, having since some time ceased business in this state as a corporation, is not the security required by the statute authorizing corporations to become sureties on appeal bonds.
This statute (granting the authority) should be read with the article of the Civil Code regarding sureties, and, judged by that article, it is evident that this no longer existing company in this state as a corporation with power to sign bond is not the required surety. Rev. Civ. Code, art. 3042.
True, one of the employés of the company testified that there wrere remnants, unsettled business, of the company, in this state; also uncanceled premiums, the amount of which we are not informed. There is nothing certain and tangible about the company.
It is not a legal surety, by reason of the fact that it has not complied with the law’s requirement.
It is as if a surety had become insolvent since he signed the bond, or as if for some other good reason he is no longer a good surety.
In that case the court can order that another surety be furnished.
The demand of plaintiff in motion is:
“The writs of sequestration and injunction to be set aside unless within a delay fixed by the court the plaintiff furnish new bonds.” (Italics ours.)
For reasons stated, the judgment appealed from is avoided, annulled, and reversed, at appellee’s costs in both courts.
It is further ordered, adjudged, and decreed that the Bankers’ Surety Company is not the surety required by law, that another surety be furnished in lieu of this company within 20 days from the filing of this decree in the district court, and if at the end of that time surety be not furnished satisfactory to the judge of the district court it shall by the failure operate as a dismissal of the injunction and sequestration obtained by plaintiff and appellee.